No. 49,803

IN THE INTEREST OF BRANDON EXUM BOEHM, a minor under 18 years of age. CHARLES BOARDMAN, *Petitioner-Appellant,* v. CARMEN BOARDMAN BOEHM and TOM BOEHM, *Appellees.*

(596 P.2d 1242)

Opinion filed July 14, 1979.

*Patricia Ridenour,* of Cimarron, argued the cause and was on the brief for the petitioner-appellant.

*Max Eugene Estes,* guardian ad litem for Brandon Exum Boehm, and Carmen Boardman Boehm and Tom Boehm, appellees, did not appear or file briefs on appeal.

The opinion of the court was delivered by

PRAGER, J.: This is a dependency and neglect proceeding brought under the juvenile code (K.S.A. 1977 Supp. 38-816 *et seq.*). The sole issue raised on the appeal is whether the petitioner, who was not the parent, legal guardian or conservator, or custodian of the neglected child, could be ordered to pay a portion of the court costs in the proceeding. The case was presented here on an agreed statement of facts.

The undisputed facts are as follows: The petitioner, Charles Boardman, is the maternal grandfather of Brandon Exum Boehm. He became concerned that his grandson was being neglected by the parents, Tom and Carmen Boehm, who at that time had legal custody of Brandon. In October of 1975, the petitioner filed with the juvenile court of Ford County a petition alleging that the child, then seven months old, should be found to be dependent and neglected. After the petition was filed, the court made the child a ward of the court pending further hearing. The court placed the child temporarily under the authority of the probation officer of Ford County and ordered that the child should be placed in the home of Carla and Craig Swagerty. Carla Swagerty is the sister of the natural mother, Carmen Boehm. The child

remained in the home of the Swagertys until a temporary court order permitted the child to return to his natural parents in July of 1976. In September of 1976, this temporary order was revoked and the child was again placed under the control of the court and in the home of Carla and Craig Swagerty, where he remained until February of 1977, at which time the child was placed with the petitioner and his wife, Mr. and Mrs. Charles Boardman. An amended petition was then filed asking that the parental rights be severed. On August 16, 1977, the child was found to be dependent and neglected and made a ward of the court. On December 19, 1977, an order was entered finding that the child should remain a ward of the court with care and custody placed in the petitioner and his wife until the natural parents satisfied the requirements of the order to regain custody.

At the close of the proceedings and as part of its judgment, the trial court ordered the petitioner, Charles Boardman, to pay one-half of the court costs, which amounted to $2,269.11. It should be noted that in June of 1977 the petitioner became concerned about the expenses of the hearing and moved the court to determine who would pay the expenses of two witnesses who were to travel from Mission, Texas, to appear at the hearing in Ford County. In the motion, the petitioner stated that he lacked the funds to pay voluntarily the court costs for those witnesses. On June 9, 1977, the court held that the court costs would not be determined until after the final hearing.

Included among the costs that petitioner was required to pay was the fee of the attorney appointed to represent the natural parents who, because of their indigency, were unable to employ counsel. The fee was authorized by K.S.A. 1977 Supp. 38-820. Also assessed as costs was the fee of the guardian ad litem appointed to represent the child pursuant to K.S.A. 1977 Supp. 38-821. In addition to these fees, the costs assessed included the general court costs provided for by K.S.A. 1977 Supp. 38-817(f). Following the assessment of one-half of the costs to the petitioner over his objection, he brought a timely appeal to this court.

We reverse. Under the statutory provisions in effect at the time of the final hearing when the costs were assessed, there was no statutory authority for the assessing of any of the court costs or fees to the petitioner. In *Hodges v. Lister,* 207 Kan. 260, 485 P.2d 165 (1971), it was held that the taxation of costs is purely a

creature of statute and a court has no inherent power to award costs beyond statutory authorization. Various sections of the juvenile code provide for the taxation of fees and general costs. Under K.S.A. 1977 Supp. 38-820 the fee of an attorney appointed to represent an indigent parent who may be deprived of his or her parental rights, is required to be paid from the general fund of the county. Under K.S.A. 1977 Supp. 38-821, the fee of a guardian ad litem appointed to represent and defend on behalf of either the child or a parent who is a minor, mentally ill, or incompetent and whose child is the subject of the proceedings, may be taxed to the parent, conservator, or custodian of the child or the fee may be taxed to the county and paid out of the county general fund. There is no provision for the taxing of this fee to a petitioner who is not the parent, conservator, or custodian of the child.

At the time judgment was entered in this case the taxation of general court costs was governed by K.S.A. 1977 Supp. 38-817(f), which provided as follows:

"38-817. . . .

"(f) At the time fixed in the summons, or by order of the court, the court shall proceed to hear and dispose of the case and enter judgment or decree therein. The court may apply the schedule of fees provided for in K.S.A. 1977 Supp. 28-171, where appropriate, to compute the costs of all proceedings under the Kansas juvenile code and, in the discretion of the court, the costs of such proceedings may be adjudged against the person or persons so summoned or appearing, and collected as provided by law in civil cases, or charged to the county and paid out of the general fund."

Section (a) of K.S.A. 1977 Supp. 38-817 provided that, upon the filing of a petition to declare a child dependent and neglected, the court shall give notice of the hearing to the child and the parent, guardian, or other person having legal custody of such child or, if there be none, then to some relative or other interested person, if there be one. Section (b) provided that unless the parties shall *voluntarily appear* or be in court, a summons shall issue in the name of the State of Kansas, requiring the child and the person having custody and control of the child or with whom the child may be, to *appear* with the child at the place and at the time set in the summons.

Section (c) provided in substance that, unless they shall *voluntarily appear* or be in court, summons shall also issue to the parents of the child, if living, or to the child's guardian, if there is one, or, if there is neither parent nor guardian, then to some

relative, if there is one. K.S.A. 1977 Supp. 38-817(*f*), as noted above, provided that the costs of the proceedings may be adjudged against the person or persons *so summoned or appearing* or charged to the county and paid out of the general fund. We have concluded that, under 38-817(*f*), court costs could be assessed only against the parent, guardian, or person having the custody and control of the child or to the county general fund. There was no statutory authority for taxing general court costs to a petitioner who was not a parent, guardian, or custodian of the child at the time the proceeding was commenced.

K.S.A. 1977 Supp. 38-716 declares that it is the policy of this state to provide for the protection of children who have been subject to physical or mental abuse or neglect by encouraging the reporting of suspected child abuse or neglect. Furthermore, K.S.A. 1977 Supp. 38-718 declares that anyone participating without malice in the making of an oral or written report shall have immunity from *any* liability, civil or criminal, that might otherwise be imposed. It seems obvious to us that to permit the trial court in a dependency and neglect proceeding to tax the costs against a petitioner who is not the parent, guardian, or custodian of the child at the time the proceeding is commenced, would thwart the legislative purpose of encouraging the reporting of instances of child abuse or neglect. On the basis of our interpretation of the statutes as discussed above, we have no hesitancy in holding that the trial court erred in taxing one-half of the court costs against the petitioner, Charles Boardman, because at the time the proceeding was commenced, he was neither the parent nor the custodian nor the legal guardian or conservator of the neglected child.

The judgment is reversed and the case is remanded to the district court with directions to assess the costs in accordance with the statutory provisions discussed in the opinion.